```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

                                  :
EUGENE SCALIA, Secretary,
United States Department of Labor :

    v.                            : Civil Action No. DKC 18-2427

                                  :
LOVING CARE SERVICES, INC.,
et al.                            :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Fair Labor Standards Act of 1938 ("FLSA") case are a motion filed by Plaintiff Secretary of the United States Department of Labor ("the Secretary" or "DOL")[1] for sanctions, (ECF No. 65), Defendants' motion for partial summary judgment, (ECF No. 67), and Plaintiff's motion to approve and enter consent judgment. (ECF No. 71). Although the court's approval of the consent judgment agreed to by the Secretary and Defendants Loving Care Nursing Services, LLC ("Loving Care") and Bernadette Nwanguma ("Ms. Nwanguma") is not actually necessary, this motion will be granted, and the Consent Judgment entered. Its entrance moots the two pending motions, which will be denied.

---

[1] The original complaint was filed in the name of R. Alexander Acosta as then Secretary of Labor. Patrick Pizzella became the Acting Secretary on July 20, 2019, and was himself replaced by Eugene Scalia. Pursuant to Fed.R.Civ.P. 25(d), each successive Secretary is automatically substituted as Plaintiff.

**I.   Background**

Loving Care is a corporation organized under Maryland law with a principal place of business in Pikesville, Maryland. It employs various health care professionals, such as nurses, to provide for the sick and elderly at nursing homes. Ms. Nwanguma is, and was at the relevant period, the owner and day-to-day manager of Loving Care. From at least September 9, 2013 to January 6, 2018, Loving Care employed numerous individuals as healthcare professionals.

The DOL alleges that, during this period, Loving Care did not properly compensate its healthcare professionals at the "one and one-half times their regular rates" owed to them for work done over forty hours in each workweek. It is also alleged that it did not "make, keep, and preserve adequate and accurate records" under § 11(c) and § 15 (a)(5) of the Act. To provide relief to the affected employees, the Secretary brought a complaint to enjoin Loving Care and Ms. Nwanguma, both in her individual capacity and as owner, manager and corporate officer of Loving Care, from violating the provisions of §§ 7, 11(c), 15(a)(2), and 15(a)(5) of the FLSA, 29 U.S.C. § 201, *et seq*. The Secretary also moved for judgment against Defendants for the "total amount of back wage compensation" found to "be due to any former or current employees"

and "an equal amount due the employees of Defendants in liquidated damages."  (ECF No. 1).

The court granted Plaintiff's unopposed motion for leave to file an amended complaint on January 1, 2019, (ECF No. 13).[2]  Over the next several months, several discovery disputes arose which culminated on October 5, 2020 with the Secretary filing a motion for sanctions against Defendants for failing to appear at depositions.  (ECF No. 65).  The same day Magistrate Judge Gesner ordered Defendants to respond to this motion within fourteen days, although she noted that Defendants were excused from attending a deposition the next day.  (ECF No. 66).  Rather than respond to the motion for sanctions, on October 8, 2020, Defendants filed a motion for partial summary judgment, arguing that the Secretary legally is not entitled to seek: 1: a restitutionary injunction for both unpaid wages *and* liquidated damages under 29 U.S.C. § 217, or 2: to seek both legal relief under 29 U.S.C. § 216(c), *and* a restitutionary injunction under 29 U.S.C. § 217 for the same alleged FLSA violation, as these remedies are mutually exclusive.  (ECF No. 67).  With these motions still pending, the parties submitted a joint status report on October 13, 2020, explaining that they had agreed to a consent judgment to resolve the case,

---

[2] The amended complaint added some background information on Defendants but contained the same central allegations as the original.  (ECF No. 14).

3

"subject to the Court's approval," which would moot the two pending motions. (ECF No. 70).

## II.  Analysis

> Congress enacted the FLSA to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees. To that end, the statute's provisions are mandatory and generally are not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)

*Saint-Preux v. Kiddies Kollege Christian Ctr., Inc.*, No. PWG-16-3276, 2017 WL 2693484, at *1 (D.Md. June 21, 2017).

> Under the Act, "there is a judicial prohibition against the unsupervised waiver or settlement of claims." *Taylor v. Progress Energy, Inc.* ("*Taylor II*"), 493 F.3d 454, 460 (4th Cir.2007) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114–16, 66 S.Ct. 925, 90 L.Ed. 1114 (1946)). Courts implemented this prohibition out of concern that the "inequality of bargaining power" between employer and employee could result in settlements for less than the statutory minimums. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 708, 65 S.Ct. 895, 89 L.Ed. 1296 (1945). Allowing private settlements for less than the statutory minimums would frustrate the statute's objectives, while allowing employers to use "settlement discounts" to evade the FLSA. *Taylor II*, 493 F.3d at 460. Settlement, however, is not entirely forbidden in FLSA cases; "[c]laims for FLSA violations can, of course, be settled when the settlement is supervised by the [Department of Labor] or a court." *Taylor v. Progress Energy, Inc.* ("*Taylor I* "), 415 F.3d 364, 374 (4th Cir.2005); *see also Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 3:09-cv-00058, 2010 WL 1655962, at *2 (W.D.Va. Apr. 23, 2010) ("FLSA

4

>     claims can be waived by either of the two
>     statutory exceptions to the general rule
>     against waiver.").

*Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 476 (D.Md. 2010).

The parties have submitted a proposed consent decree without explicitly explaining whether it encompasses all of the potential wages owed, or whether it involves a compromise of the claims. Nevertheless, the settlement is being supervised by the DOL. Consent decrees reached with a defendant under DOL supervision pursuant to 29 U.S.C. § 216(c) do not need court approval. The concerns inherent in private settlements are not present when the Secretary sues an employer on behalf of employees and fully supervises a settlement pursuant to 29 U.S.C. § 216(c), as here.

## III. Conclusion

For the foregoing reasons, Plaintiff's motion to approve and enter consent judgment will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

5